(No. 1366— )

BOOTH FISHERIES COMPANY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 9, 1929.*
*Rehearing denied June 26, 1929.*

PAUL O'DONNELL, for claimant.

OSCAR E. CARLSTROM, Attorney General; DAVID J. KADYK, Assistant Attorney General, for respondent.

Mr. JUSTICE THOMAS delivered the opinion of the court:

This claim is for the refund of $9,456.62 franchise taxes alleged to have been illegally collected from claimant, a foreign corporation, by the Secretary of State. The taxes asked to be refunded were paid as follows:

July 26, 1920, $2,031.30.
Sept. 17, 1921, $1,860.60.
July 30, 1923, $1,298.83.
July 30, 1924, $1,404.68.
July 11, 1925, $1,437.31.
June 28, 1926, $1,423.90.

Since the taxes were paid the Supreme Court has held the law under which they were collected unconstitutional, and claimant now asks for an award against the State on the ground that the State had no legal right to collect them. A tax voluntarily paid cannot be recovered back although the law under which it was paid is unconstitutional. (*Yates* v. *Royal Ins. Co.*, 200 Ill. 202). Many other cases announcing the same rule could be cited but we deem it unnecessary. The stipulation appearing in the record shows the taxes paid in the years 1920 and 1921 were not paid under protest. Having been voluntarily paid claimant cannot maintain an action for their recovery.

Section 10 of the Act creating the Court of Claims provides that every claim against the State, cognizable by the Court of Claims shall be forever barred unless the claim is filed with the secretary of the court within five years after the claim first accrued. The claim for the refund of these taxes accrued immediately upon their payment to the Secretary of State. This suit was not filed until August 7, 1928, more than five years after the payment of the taxes in July, 1923. This statute is mandatory and bars an award for the taxes paid for the years 1920, 1921 and 1923.

Section 2a of the Act in relation to the payment of the public money of the State into the State Treasury provides that every officer receiving public moneys for the State paid under protest shall hold such moneys thirty days and upon the expiration of that period deposit the same with the State Treasurer unless the party making such payment shall within such period file a bill in chancery and secure a temporary injunction restraining the making of such deposit, in which case such payment shall be held until the final order or decree of the court. The stipulation in the record shows that claimant, within thirty days after making payment of the tax for the years 1923, 1924 and 1925, filed a suit in equity in the Circuit Court of Sangamon County and secured a temporary injunction restraining the Secretary of State from depositing the tax paid in the State Treasury, each of said suits being based on the alleged unconstitutionality of the statute under which they were collected; that the Attorney General filed a demurrer to the bill in each case; that the demurrer was sustained in each case and the bill dismissed

for want of equity; that no appeal was taken from the order dismissing the bill in either case; and that the order dismissing the bill in each and all of the cases was entered on the theory that the law was valid and constitutional.

It is fundamental in our jurisprudence that the judgment of a court having jurisdiction of the subject matter and parties to the cause before it is binding upon the parties until reversed or set aside by a court having appellate jurisdiction. This rule is so universally known that citation of authorities is unnecessary. As claimant did not have these judgments reviewed either on appeal or writ of error they are still in full force and effect and binding upon it.

The Court of Claims has been given no appellate jurisdiction and cannot review or set aside the judgments of the Circuit Court of Sangamon County, and to allow an award for these taxes would, in effect, be doing that.

Claimant says that the amount involved in the cases was too small to warrant an appeal to the Supreme Court. It also says that because of the erroneous decision of the Circuit Court in the suits above mentioned it was not considered practical to secure an injunction covering the 1926 tax payment. The statute gave claimant a remedy to recover the taxes if they were illegally collected. Claimant elected not to pursue that remedy. Where a claimant had a remedy in a court of general jurisdiction and failed to pursue such remedy this court will not take jurisdiction. (*Moline Plow Co.* v. *State*, 5 Ct. Cl. 277). The claim is therefore denied and the case dismissed.

On June 26, 1929, upon petition for rehearing the following additional opinion was filed:

The original opinion in this case was filed on May 9, 1929. On May 24, 1929, claimant wired the Secretary of State that a petition for rehearing would be filed, and on June 4, 1929, petition for a rehearing was filed by claimant. This petition does not set up any matter for rehearing which was not fully considered by the court in the original opinion in the case.

The petition for rehearing is denied.